**OFFICIAL LOCAL FORM 3**

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS**

**CHAPTER 13 PLAN COVER SHEET**

| | | | |
|---|---|---|---|
| Filing Date: | **September 12, 2014** | Docket #: | |
| Debtor: | **Mary J Veno** | Co-Debtor: | |
| SS#: | **xxx-xx-6033** | SS#: | |
| Address: | **159 Wellman Avenue
North Chelmsford, MA 01863-1343** | Address: | |
| | | | |
| Debtor's Counsel: | **David R. Chenelle 628424** | | |
| Address: | **6 Lyberty Way, Suite 201
Westford, MA 01886** | | |
| Telephone #: | **978-496-2000** | | |
| Facsimile #: | **978-496-2002** | | |

**ATTACHED TO THIS COVER SHEET IS THE CHAPTER 13 PLAN FILED BY THE DEBTOR(S) IN THIS CASE. THIS PLAN SETS OUT THE PROPOSED TREATMENT OF THE CLAIMS OF CREDITORS. THE CLAIMS ARE SET FORTH IN THE BANKRUPTCY SCHEDULES FILED BY DEBTOR(S) WITH THE BANKRUPTCY COURT.**

**YOU WILL RECEIVE A SEPARATE NOTICE FROM THE BANKRUPTCY COURT OF THE SCHEDULED CREDITORS' MEETING PURSUANT TO 11 U.S.C. § 341. THAT NOTICE WILL ALSO ESTABLISH THE BAR DATE FOR FILING PROOFS OF CLAIMS.**

**PURSUANT TO THE MASSACHUSETTS LOCAL BANKRUPTCY RULES, YOU HAVE UNTIL THIRTY (30) DAYS AFTER THE § 341 MEETING OR THIRTY (30) DAYS AFTER THE SERVICE OF AN AMENDED OR MODIFIED PLAN TO FILE AN OBJECTION TO CONFIRMATION OF THE CHAPTER 13 PLAN, WHICH OBJECTION MUST BE SERVED ON THE DEBTOR, DEBTOR'S COUNSEL AND THE CHAPTER 13 TRUSTEE.**

**OFFICIAL LOCAL FORM 3**

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS**

**PRE-CONFIRMATION CHAPTER 13 PLAN**

CHAPTER 13 PLAN

Docket No.: _____

DEBTOR(S):   (H)  **Mary J Veno** _____   SS# **xxx-xx-6033**

(W) _____   SS# _____

**I. PLAN PAYMENT AND TERM:**

Debtor's shall pay monthly to the Trustee the sum of $ **170.00** for the term of:

☐ 36 Months.  11 U.S.C. § 1325(b)(4)(A)(i);

☐ 60 Months.  11 U.S.C. § 1325(b)(4)(A)(ii);

☐ 60 Months.  11 U.S.C. § 1322(d)(2).  Debtor avers the following cause:

_____ ;or

☒ **48** Months.  The Debtor states as reasons therefore:

**Debtor(s) state "cause" exists under 11 U.S.C. § 1322(d) to extend the payments beyond thirty six (36) months. Debtor(s) have incurred a hardship, and will provide all their net disposable income towards the repayment plan.**

**II. SECURED CLAIMS**

A. Claims to be paid through the plan (including arrears):

| Creditor | Description of Claim (pre-petition arrears, purchase money, etc.) | Amount of Claim |
|---|---|---|
| **Green Tree Servicing LLC** | **Pre-petition arrears** | $ **4,500.00** |

Total of secured claims to be paid through the Plan  $ **4,500.00**

B. Claims to be paid directly by debtor to creditors (Not through Plan):

| Creditor | Description of Claim |
|---|---|
| **Green Tree Servicing LLC** | **First Mortgage, Bk 19457, Pg. 112** |

C.  Modification of Secured Claims:

| Creditor | Details of Modification (Additional Details May Be Attached) | Amt. of Claim to Be Paid Through Plan |
|---|---|---|
| **Wells Fargo Bank NV** | Debtor(s) state "cause" exists under 11 U.S.C. § 1322(d) to extend the payments beyond thirty six (36) months. Debtor(s) have incurred a hardship, and will provide all their net disposable income towards the repayment plan. The Second Mortgage issued to **Wells Fargo Bank** and listed within the Debtor's Schedules, will be deemed wholly unsecured. (Hereinafter the "Second Mortgage") (See Section V (B) below for the unsecured balance.) Accordingly, the claim is modified pursuant to 11 U.S.C. §1322(b)(2) and §506, and shall be deemed unsecured. The only payment that the Second Mortgage may receive from the debtor or the Chapter 13 Trustee shall be as a distribution on its unsecured claim, if the unsecured claimants receive any distribution. Upon the Court's entry of an Order confirming this Plan, the successful completion of the Plan payments, and an entry of an Order of Discharge, issued pursuant to 11 U.S.C. §1328, this Second Mortgage will be deemed wholly null and void for the purposes of the Debtor's refinancing or sale of the property. Upon Discharge of the Debtor(s), a certified copy of the Chapter 13 Plan, the Order of Confirmation of the Plan and the Order of Discharge issued by the Court, shall be recorded in the Middlesex North Registry of Deeds, thereby discharging the Second Mortgage issued to **Wells Fargo Bank**, and recorded in the Middlesex North Registry of Deeds at Book 20528, Page 72 on September 22, 2006. See, In re: Bartee, 212 F.3d 277 (5th Cir. 2000); In re: Pelosi, 382 B.R. 582 (Bankr. D. Mass. 2008), and In re Mann, 249 B.R. 831 (Bankr. 1st Cir., 2000) | |
| **NA** | | **0.00** |

D.  Leases:

  i.  The Debtor(s) intend(s) to reject the residential/personal property lease claims of
      **-NONE-**
      ; or

  ii. The Debtor(s) intend(s) to assume the residential/personal property lease claims of
      **-NONE-**
      .

  iii. The arrears under the lease to be paid under the plan are   **0.00**  .

## III. PRIORITY CLAIMS

A. Domestic Support Obligations:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| -NONE- | | $ |

B. Other:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| -NONE- | | $ |

Total of Priority Claims to Be Paid Through the Plan  $ **0.00**

## IV. ADMINISTRATIVE CLAIMS

A. Attorneys fees (to be paid through the plan): $ **2,225.00**

B. Miscellaneous fees:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| -NONE- | | $ |

C. The Chapter 13 Trustee's fee is determined by Order of the United States Attorney General. The calculation of the Plan payment set forth utilizes a 10% Trustee's commission.

## V. UNSECURED CLAIMS

The general unsecured creditors shall receive a dividend of **0.8184** % of their claims.

A. General unsecured claims: $ **22,521.03**

B. Undersecured claims arising after lien avoidance/cramdown:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **Wells Fargo Bank NV NA** | **Second Mortgage, Bk 20528, Pg. 72** | $ **53,118.56** |

C. Non-Dischargeable Unsecured Claims:

| Creditor | Description of claim | Amount of Claim |
|---|---|---|
| -NONE- | | $ |

Total of Unsecured Claims (A + B + C): $ **75,639.59**

D. Multiply total by percentage: $ **619.03**
(Example: Total of $38,500.00 x .22 dividend = $8,470.00)

E. Separately classified unsecured claims (co-borrower, etc.):

| Creditor | Description of claim | Amount of claim |
|---|---|---|
| -NONE- | | $ |

Total amount of separately classified claims payable at ____%  $ **0.00**

## VI. OTHER PROVISIONS

A. Liquidation of assets to be used to fund plan:

B. Miscellaneous provisions:

**1. This is a "pot plan", in which the total of all payments in respect to unsecured creditors is a constant amount. The Trustee shall distribute this amount ratably amongst holders of allowed unsecured claims. The percentage dividend stated in this plan is an estimate based on claims currently known to the Debtor(s) and does not govern the amount of payments to general unsecured creditors. General unsecured creditors are advised that they may receive more or less than the percentage dividend stated in this plan, depending on the total of allowed unsecured claims.**

**2. Upon confirmation, all secured lenders shall commence all usual and customary billing and invoicing for post-petition payments. This includes, but is not necessarily limited to, sending invoices and statements directly to the debtor and allowing the debtor on-line access to their account information.**

**3. Timely Post-petition mortgage payments paid directly by debtor to mortgagee or its servicer and must be applied & credited to debtor's account without penalty as if the account were current and no pre-petition default existed on the petition date, and in the order of priority specified in the note, security agreement and applicable non-bankruptcy law.**

**4. Secured claims with arrears being paid through the Plan shall be deemed current as of discharge if all post petition payments have been made on a timely basis, and no escrow advancements, after notification to the Debtor and Debtor's counsel, were made by the bank on the debtors' behalf.**

**5. Payments received from the Trustee for any pre-petition arrears shall be applied only to such pre-petition arrears.**

## VII. CALCULATION OF PLAN PAYMENT

| | | |
|---|---|---:|
| A) Secured claims (Section I-A Total): | $ | 4,500.00 |
| B) Priority claims (Section II-A&B Total): | $ | 0.00 |
| C) Administrative claims (Section III-A&B Total): | $ | 2,225.00 |
| D) Regular unsecured claims (Section IV-D Total):+ | $ | 619.03 |
| E) Separately classified unsecured claims: | $ | 0.00 |
| F) Total of a + b + c + d + e above: | =$ | 7,344.03 |
| G) Divide (f) by .90 for total including Trustee's fee: **$816.00** | | |
| Cost of Plan= | $ | 8,160.00 |

(This represents the total amount to be paid into the Chapter 13 plan)

H. Divide (G), Cost of Plan, by Term of Plan,    **48** months
I. Round up to nearest dollar for Monthly Plan Payment:    $    **170.00**

(Enter this amount on page 1)

Pursuant to 11 U.S.C. § 1326(a) (1), unless the Court orders otherwise, a debtor shall commence making the payments proposed by a plan within thirty (30) days after the petition is filed. Pursuant to 11 U.S.C. §1326(a)(1)(C), the debtor shall make preconfirmation adequate protection payments directly to the secured creditor.

## VIII. LIQUIDATION ANALYSIS

A. Real Estate:

| Address | Fair Market Value | Total Amount of Recorded Liens (Schedule D) |
|---|---|---|
| **159 Wellman Avenue**<br>**North Chelmsford, MA 01863-1343** | $    195,000.00 | $    258,012.06 |

| | | |
|---|---|---:|
| Total Net Equity for Real Property: | $ | 0.00 |
| Less Exemptions (Schedule C): | $ | 0.00 |
| Available Chapter 7: | $ | 0.00 |

B. Automobile (Describe year, make and model):

**2002 Toyota Sienna (125,000 miles) (owned by sister, but expected to be transferred to Debtor within a few months)**    Value $ **4,854.00**   Lien $ **0.00**   Exemption $ **4,854.00**

Total Net Equity: $ **4,854.00**
Less Exemptions (Schedule C): $ **4,854.00**
Available Chapter 7: $ **0.00**

C. All other Assets (All remaining items on Schedule B): (Itemize as necessary)

**NMTW Telephone Credit Union (Checking)**
**NMTW Credit Union (Savings)**
**U. S. Alliance Federal Credit Union (Savings)**
**DCU - Checking**
**DCU - Savings**
**Miscellaneous Household Goods**
**Clothing**
**Jewelry**
**Term Life Insurance**
**401K (Wells Fargo)**
**Williams C Grover (Arrears for child support owed)**

Total Net Value: $ **32,131.99**
Less Exemptions (Schedule C): $ **32,131.99**
Available Chapter 7: $ **0.00**

D. Summary of Liquidation Analysis (total amount available under Chapter 7):

Net Equity (A and B) plus Other Assets (C) less all claimed exemptions: $ **0.00**

E. Additional Comments regarding Liquidation Analysis:
    If this case were liquidated under Chapter 7, the debtor(s) estimate unsecured creditors would receive a dividend of approximately **0** %.

**IX. SIGNATURES**

Pursuant to the Chapter 13 rules, the debtor or his or her attorney is required to serve a copy of the Plan upon the Chapter 13 Trustee, all creditors and interested parties, and to file a Certificate of Service accordingly.

**/s/ David R. Chenelle**　　　　　　　　　　　　　　　　**September 12, 2014**
**David R. Chenelle 628424**　　　　　　　　　　　　　　　Date
Debtor's Attorney
Attorney's Address: **6 Lyberty Way, Suite 201**
　　　　　　　　　　**Westford, MA 01886**
　　　　Tel. #:　　**978-496-2000 Fax:978-496-2002**
　　　Email Address:　**dchenelle@perkinslawpc.com**

**I/WE DECLARE UNDER THE PENALTIES OF PERJURY THAT THE FOREGOING REPRESENTATIONS OF FACT ARE TRUE AND CORRECT TO THE BEST OF OUR KNOWLEDGE AND BELIEF.**

Date **September 4, 2014**　　　　　　　Signature **/s/ Mary J Veno**
　　　　　　　　　　　　　　　　　　　　　　　　　　**Mary J Veno**
　　　　　　　　　　　　　　　　　　　　　　　　　　Debtor